**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

AUG 22 2019

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10101 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00789-SMM-1 |
| v. | |
| JESUS ALFREDO GONZALEZ-BORQUEZ, AKA Jesus Alfredo Gonzalez-Borquz, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Submitted August 19, 2019**

Before:    SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Jesus Alfredo Gonzalez-Borquez appeals from the district court's judgment

and challenges the 60-month sentence imposed following his guilty-plea

conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326. We

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gonzalez-Borquez first contends that the district court procedurally erred in imposing his sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. Contrary to Gonzalez-Borquez's contentions, the record indicates that the district court made an individualized sentencing determination and addressed Gonzalez-Borquez's arguments for a downward variance. Furthermore, Gonzalez-Borquez has not shown that his sentence was based on unsupported assumptions or erroneous facts in violation of his substantial rights. *See United States v. Christensen*, 732 F.3d 1094, 1106 (9th Cir. 2013).

Gonzalez-Borquez also contends that the sentence is substantively unreasonable. We conclude that the court properly considered the 18 U.S.C. § 3553(a) sentencing factors and did not abuse its discretion in giving greater weight to the need for deterrence and protection of the public. *See United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court"). The within-Guidelines sentence is substantively reasonable in light of the sentencing factors and the totality of the circumstances, including Gonzalez-Borquez's criminal history. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**